FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 AUG 17 PM 3:28

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KIMBERLY D. HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-083 |
| | ) | |
| NATIONWIDE ADVANTAGE | ) | |
| MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Kimberly D. Hood filed the above-captioned *pro se* complaint, along with a motion to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) Based on the information contained in the IFP motion, on June 29, 2011, the Court denied Plaintiff's motion to proceed IFP and ordered her to remit the full $350.00 filing fee within twenty-one (21) days of the date of the Order pursuant to 28 U.S.C. § 1914(a). (Doc. no. 13.) The Court cautioned Plaintiff that the failure to do so would result in a recommendation to the presiding District Judge that this case be dismissed without prejudice pursuant to Loc. R. 4.2(2). Plaintiff did not respond.

Because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on July 25, 2011, the Court afforded Plaintiff fourteen (14) additional days to pay the initial fee in accordance with the Court's June 29th Order. (Doc. no. 14.) Plaintiff was warned that, if she failed to comply after this 14-day extension, the Court would recommend dismissal of her case for want of

prosecution. (Id. at 1-2.)

The time to respond has passed, and Plaintiff has not paid the $350.00 filing fee for this case, nor has she provided the Court with any explanation why she has not complied with the Court's Order to do so. Under Loc. R. 4.2(2), if an IFP motion is denied, a plaintiff has 21 calendar days from the date of service of the order denying the IFP motion to pay the appropriate filing fee. "Failure to make timely payment will result in dismissal of the complaint." Loc. R. 4.2(2). As described above, over 21 days have passed since Plaintiff's IFP motion was denied.

Moreover, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Plaintiff's failure to pay the $350.00 filing fee – despite two Court Orders to do so – or to otherwise respond to the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Court's Orders amounts not only to a failure to prosecute, but also to an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not feasible in this case because Plaintiff has sought to proceed IFP and has refused to pay the filing fee.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case <u>and pursue it</u>.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 4.2(2) and 41.1(c), that this case be **DISMISSED** without prejudice because Plaintiff failed to pay the $350.00 filing fee or otherwise respond to the Court's Orders, that Defendant's motion to stay be **DENIED AS MOOT** (doc. no. 5), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of August, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3